IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARL KELLEY CONSTRUCTION LLC,

       Plaintiff,

vs.                                                                           No. CIV 08-0379 JB/RLP

WTNM TECHNOLOGIES, LTD.,
and JENNIFER LONG, individually and
as agent for WTNM,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Strike Affidavit of Roger Danesi, filed August 19, 2008 (Doc. 13). The Court held a hearing on December 29, 2008. The primary issue is whether the Court should strike the affidavit of Roger Danesi that was attached to Defendant WTNM Technologies, Ltd.'s Response to Plaintiff's Motion to Abate Proceedings [Fed. R. Civ. P. 1-056(F)], filed August 4, 2008 (Doc. 9)(brackets in original). Because the Court concludes that the affidavit contains some useful information, and because the Court can ignore the legal conclusions, the Court will deny the motion to strike.

## PROCEDURAL BACKGROUND

WTNM has attached the affidavit of Roger Danesi to its response to Plaintiff Carl Kelley Construction LLC's motion to abate. Carl Kelley Construction contends that the Court should, pursuant to rule 56 of the Federal Rules of Civil Procedure, strike in whole or in part the affidavit that WTNM offered in opposition. Carl Kelley Construction argues that Danesi's affidavit contains factual assertions that are conclusory and unsubstantiated, as well as legal conclusions that Danesi is not competent to give. WTNM disagrees, arguing that the affidavit is not defective.

## ANALYSIS

Carl Kelley Construction's main dispute with Danesi's affidavit is that the affidavit contains statements it considers to be legal conclusions, although Carl Kelley Construction also challenges whether Danesi's statements are too conclusory and fail to show a proper foundation for some of the factual observations he makes. At the hearing, Carl Kelley Construction's attorney, J. Robert Beauvais, focused on three paragraphs in particular: (i) paragraph 4, which states that Carl Kelley Jr. signed the order form; (ii) paragraph 5, stating that Texas law applies to the invoice; and (iii) paragraph 6, stating that Defendant Jennifer Long was not an employee of WTNM, but an independent contractor. See Transcript of Hearing at 5:11-20 (taken December 30, 2008)(Beauvais)("Tr.").[1] Carl Kelley Construction's briefing also challenged paragraph 3, stating the discovery of the agreement was not necessary because a copy was attached to the Complaint. Certain aspects of the challenged paragraphs can be understood as making legal conclusions. The Court does not need to strike the affidavit, however, because the affidavit contains legal conclusions. The Court will come to its own determination of the legal issues involved in this case. The Court will be mindful of the concerns Carl Kelley Construction has expressed and will bear them in mind when it considers the affidavit.

The Court also does not believe that the affidavit's statements are so conclusory that they should be stricken. The affidavit does not recite in elaborate detail all the surrounding circumstances and basis of Danesi's observations, but the Court believes that the short, simple statements Danesi makes are sufficient for them to be admissible evidence. Because the affidavit contains factual statements that the Court believes will be useful in this case, and the Court can

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain different page and/or line numbers.

disregard any legal conclusions, the Court will keep the affidavit on file and not strike it from the record.  Mr. Beauvais agreed that this was a reasonable resolution of his motion.  See Tr. at 6:21-25 (Beauvais).

**IT IS ORDERED** that the Plaintiff's Motion to Strike Affidavit of Roger Danesi is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

J. Robert Beauvais
J. Robert Beauvais, P.A.
Ruidoso, New Mexico

>   *Attorney for the Plaintiff*

Ilyse D. Hahs-Brooks
Ilyse D. Hahs, Attorney at Law, LLC
Albuquerque, New Mexico

-- and --

G. Holdt Garver
G. Holdt Garver Chartered
Albuquerque, New Mexico

>   *Attorneys for the Defendants*