IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARL KELLEY CONSTRUCTION LLC,

       Plaintiff,

vs.                                                                    No. CIV 08-0379 JB/RLP

DANCO TECHNOLOGIES, f/n/a
WTNM TECHNOLOGIES, LTD.,
and JENNIFER LONG, individually
and as agent for WTNM,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion to Dismiss Complaint Without Prejudice, filed February 11, 2010 (Doc. 75). The motion notes that Roger Danesi, owner of Defendant WTNM Technologies, Ltd., opposes the motion, but WTNM Technologies has no attorney of record in this case. See Motion ¶ 4, at 1. At this point, however, no Defendant, through an attorney or otherwise, has filed any response in opposition to the motion. Accordingly, the Court will grant the motion.

## RELEVANT LAW OF VOLUNTARY DISMISSALS BY A PLAINTIFF

Rule 41(a) governs the standard for voluntary dismissals. It provides:

**(1)** *By the Plaintiff.*

> **(A)** *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
>> **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>>
>> **(ii)** a stipulation of dismissal signed by all parties who have appeared.

> **(B)** *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal -- or state -- court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> **(2) *By Court Order; Effect*.** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a). Rule 41(a)(2) provides a relatively liberal standard. In a case such as this one, where the Defendants have not filed any counterclaim, the Court can grant a motion for voluntary dismissal on any terms that it deems proper. See United States ex rel Stone v. Rockwell Int'l Corp., 282 F.3d 787, 810 (10th Cir. 2002)("[A] plaintiff may voluntarily dismiss his action 'so long as the defendant is not hurt,' and the court's consent to voluntary dismissal may be conditioned 'upon such terms and conditions as the court deems proper.'"); Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997)("Absent 'legal prejudice' to the defendant, the district court normally should grant such a [rule 41(a)(2)] dismissal."). As the Court has previously noted:

> Rule 41(a)(2) "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir.1993)(quotation marks omitted). In resolving rule 41(a)(2) motions, the Court should consider the following factors to assess "legal prejudice" to the defendants: (i) the defendants' "effort and expense of preparation for trial;" (ii) the plaintiff's "excessive delay and lack of diligence . . . in prosecuting the action;" and (iii) the plaintiff's "insufficient explanation for the need to take a dismissal." Id.

Ysais v. Richardson, No. CIV 07-0287 JB/RLP, 2008 WL 4834921, at \*\*1-2 (D.N.M. July 8, 2008)(Browning, J.). A court may also consider "the present stage of litigation." Id., at \*2 (quoting Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996)).

> **(B)** *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal -- or state -- court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> **(2) *By Court Order; Effect*.** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a). Rule 41(a)(2) provides a relatively liberal standard. In a case such as this one, where the Defendants have not filed any counterclaim, the Court can grant a motion for voluntary dismissal on any terms that it deems proper. See United States ex rel Stone v. Rockwell Int'l Corp., 282 F.3d 787, 810 (10th Cir. 2002)("[A] plaintiff may voluntarily dismiss his action 'so long as the defendant is not hurt,' and the court's consent to voluntary dismissal may be conditioned 'upon such terms and conditions as the court deems proper.'"); Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997)("Absent 'legal prejudice' to the defendant, the district court normally should grant such a [rule 41(a)(2)] dismissal."). As the Court has previously noted:

> Rule 41(a)(2) "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir.1993)(quotation marks omitted). In resolving rule 41(a)(2) motions, the Court should consider the following factors to assess "legal prejudice" to the defendants: (i) the defendants' "effort and expense of preparation for trial;" (ii) the plaintiff's "excessive delay and lack of diligence . . . in prosecuting the action;" and (iii) the plaintiff's "insufficient explanation for the need to take a dismissal." Id.

Ysais v. Richardson, No. CIV 07-0287 JB/RLP, 2008 WL 4834921, at \*\*1-2 (D.N.M. July 8, 2008)(Browning, J.). A court may also consider "the present stage of litigation." Id., at \*2 (quoting Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996)).

## ANALYSIS

For a plaintiff to voluntarily dismiss his or her claims without a court order, the plaintiff must either: (i) file a notice of dismissal before an opposing party files an answer; or (ii) file a stipulation of dismissal signed by all parties who have appeared. See Fed. R. Civ. P. 41(a)(1)(A). One Defendant -- WTNM Technologies -- has filed an answer to Plaintiff Carl Kelley Construction, LLC's Amended Complaint, see Defendant, WTNM Technologies, Ltd.'s Answer to Plaintiff's Second Amended Complaint, filed September 2, 2009 (Doc. 59), and the Defendants have not signed any stipulation of dismissal, thus Carl Kelley Construction cannot meet the requirement of 41(a)(1)(A). Instead, Carl Kelley Construction asks the Court to grant a motion for voluntary dismissal under rule 41(a)(2), stating it desires to add defendants to its suit that would destroy complete diversity and federal-diversity jurisdiction. See Motion ¶¶ 1-3, at 1. A court should grant motion for a voluntary dismissal so long as it does not unduly prejudice the defendants. See United States ex rel Stone v. Rockwell Int'l Corp., 282 F.3d at 810; Ohlander v. Larson, 114 F.3d at 1537.

The Court can think of no way in which dismissal of the claims against the Defendants would unduly prejudice them, and it should allow Carl Kelley Construction to re-file its claims in state court against persons and entities that it has determined to be necessary, non-diverse defendants. WTNM Technologies apparently wants the dismissal to be with prejudice, but such a dismissal would not be proper given the posture of this case. The Court has already determined which of Carl Kelley Construction's claims it should dismiss, and also dismissed one of the original Defendants, by an order entered August 7, 2009. See Memorandum Opinion and Order at 15-35, filed August 7, 2009 (Doc. 53). Carl Kelley Construction represents that it has only recently learned the identity of the correct defendants, and it would be unfair to preclude Carl Kelley Construction from proceeding with its litigation in the appropriate forum. Moreover, WTNM Technologies has

refused to retain counsel and is in no position to take any part in this case. Finally, by failing to timely file a written response to Carl Kelley Construction's motion, the Defendants are deemed to have consented to the Court granting the motion.  See D.N.M. LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").  The Court will therefore grant the motion and dismiss Carl Kelley's claims without prejudice.

**IT IS ORDERED** that the Motion to Dismiss Complaint Without Prejudice is granted.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

J. Robert Beauvais
J. Robert Beauvais, P.A.
Ruidoso, New Mexico

> *Attorneys for the Plaintiff*

Roger Danesi
WTNM Technologies, Ltd.
Abilene, Texas

> *Owner of Defendant WTNM Technologies, Ltd.*